IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:26-mj-00076-DJS |
| | ) | |
| **v.** | ) | Stipulation and Motion |
| | ) | for Enlargement of Time |
| **MARK NACHT,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION AND MOTION FOR ENLARGEMENT OF SPEEDY TRIAL TIME

The United States of America, by and through its counsel of record, Assistant United States Attorney Alexander Wentworth-Ping, and the defendant, **MARK NACHT**, by and through counsel, Julie A. Nociolo, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including 90 days from the date of the order and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)   The chronology of this case is as follows:

    a)   Date of complaint:  April 10, 2026

    b)   Date of initial appearance: April 10, 2026

    c)   Defendant custody status: Detained.

    d)   Date United States moved for detention:  April 10, 2026

    e)   Date of detention hearing:  Reserved/Waived on April 17, 2026.

2)   There have not been any earlier enlargements of time and exclusions under the Speedy Trial Act.

3)      The United States and the defendant request this exclusion based on the following facts and circumstances:

a)      On April 10, 2026, the defendant was charged by complaint with attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). The defendant made his first appearance on April 10, 2026, at which time the government moved for a detention hearing. On April 17, 2026, the defendant waived his right to an immediate detention hearing and his right to a preliminary hearing but reserved his right to request one at a later date.

b)      The case arises out of the defendant's alleged attempted and actual enticement and coercion of a minor in Albany, New York between December 2025 and April 10, 2026. On April 10, 2026, the defendant drove from Massachusetts to Albany, New York, allegedly to have sexual contact with a minor, at which time he was arrested. The case involves complex and unusual legal and factual issues related to the attempted and actual enticement of a minor, including the defendant's use of certain encrypted messaging platforms, and voluminous chats.

c)      During the week of April 20, 2026, the government expects to produce pre-indictment discovery to the defendant's counsel. That discovery will include a copy of the defendant's recorded interview with law enforcement on April 10, 2026, copies of the chat messages exchanged between the undercover officer(UC)/online covert employee (OCE) with the defendant, and other records related to the charged offense and related conduct. The defendant's counsel requests time to review and assess the produced discovery. The requested continuance is also necessary for the defendant to prepare and file any pretrial motions, if appropriate; and engage in plea negotiations with the government, which may dispense with the need for grand jury practice. If the case is not resolved by a plea, the continuance is necessary for the government to prepare for grand jury practice.

2

4)      The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because (1) the failure to grant the requested continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the case is complex, due to the nature of the prosecution involving the attempted coercion and enticement of a minor, including the defendant's use of certain encrypted messaging platforms and voluminous chats. that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the established time limits established, under 18 U.S.C. § 3161(h)(7)(B)(ii). The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel to review the evidence with the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the complaint and permits the parties the reasonable time necessary to evaluate the issues of law and fact in this case related to the attempted coercion and enticement of a minor. For all these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii) and (iv) is appropriate here.

5)      The parties stipulate and agree that the 90-day period beginning on the date this order is signed shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(ii) and (iv).

***

3

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 17, 2026

By: _____

Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897

Dated: April 17, 2027

_____

Julie A. Nociolo
Attorney for MARK NACHT
Bar Roll No. 519914

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     1:26-mj-00076-DJS |
| | ) | |
| **v.** | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **MARK NACHT,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## **ORDER**

A.    The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order.

B.    The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because (1) the defendant's counsel needs additional time to review the discovery related to this case and made available by the United States and failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the case is complex, due to the nature of the prosecution involving the attempted coercion and enticement of a minor, including the defendant's use of certain encrypted messaging platforms and voluminous chats. that it is unreasonable to expect

adequate preparation for pretrial proceedings or for the trial itself within the established time limits, under 18 U.S.C. § 3161(h)(7)(B)(ii).

BASED ON THE  STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 90 days from the date of this order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

Dated and entered this _____ day of April, 2026.

_____
Hon. Daniel J. Stewart
U.S. Magistrate Judge

2